UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RYAN RODRIGUEZ, et al.,<br><br>　　　　Respondents. | No. 1:22-cv-01640-SKO (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK HABEAS CORPUS FORMS**<br><br>**[THIRTY DAY DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He filed the instant petition on December 27, 2022. The petition is illegible and difficult to comprehend, and the Court cannot ascertain Petitioner's claims. Therefore, the petition will be dismissed with leave to file a First Amended Petition.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1)   Specify all the grounds for relief available to the petitioner;
> (2)   State the facts supporting each ground;
> (3)   State the relief requested;
> (4)   Be printed, typewritten, or legibly handwritten; and
> (5)   Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is deficient for a number of reasons.  First, it is illegible.  Petitioner has written in all of the margins, sometimes vertically on the page, to the point where it is impossible to follow.  He has placed fingerprints on every page obscuring his handwriting.  He

has added lines in addition to the space provided for his answer by writing within the form's questions, further adding to the confusion.

Second, Petitioner fails to clearly specify his grounds for relief, the facts supporting his grounds, and the relief requested. For instance, in claims one through three, he states he is being subjected to illegal confinement, but he fails to state why or how. He then names medical custody staff, a nurse, and a correctional officer. It is unclear why these individuals are named, how they are involved, or how they pertain to his claims of illegal confinement. Petitioner also references a pending order of transfer and partial dismissal in what appears to be another case, but he provides no further details. Moreover, if indeed he is seeking relief based on a pending order in another case in this Court, he should raise such claim in that case.

Third, although Petitioner references an Alameda County conviction, it appears he may be attempting to bring challenges to the conditions of his confinement. For instance, he mentions being quarantined due to COVID-19 and possible actions taken by medical staff. He also notes "malicious, vicious, scandalous, racist acts" and a "hate crime." Petitioner is advised that a habeas corpus petition is the method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). However, claims concerning the conditions of confinement must be raised in a civil rights action pursuant to 42 U.S.C. § 1983. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. To the extent Petitioner seeks to challenge the conditions of confinement, he must do so in a civil rights complaint. They are not cognizable in a federal habeas action and are subject to dismissal.

For the foregoing reasons, the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

/////

/////

/////

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim;

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition; and

3) The Clerk of Court is DIRECTED to provide Petitioner with a blank habeas corpus form.

IT IS SO ORDERED.

Dated:   **January 5, 2023**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE