UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MAGISTRATE JUDGE SHEILA K. OBERTO, et al.,<br><br>　　　　　Respondents. | No.  1:22-cv-01640-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He commenced this case by filing a habeas petition on December 27, 2022.  After conducting a preliminary review, the Court found the petition to be illegible and nonsensical.  The Court could not ascertain Petitioner's claims.  The petition was dismissed with leave to file a First Amended Petition.

　　　　On January 17, 2023, Petitioner filed a First Amended Petition.  For the same reasons, as before, the Court finds the petition fails to state a cognizable claim and will recommend the petition and action be dismissed.

**DISCUSSION**

A.　　Preliminary Review of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1)   Specify all the grounds for relief available to the petitioner;
> (2)   State the facts supporting each ground;
> (3)   State the relief requested;
> (4)   Be printed, typewritten, or legibly handwritten; and
> (5)   Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

2

Like the initial petition, the amended petition is deficient for a number of reasons.  First, although the pleading is entitled "First Amended Petition," it is on a civil rights complaint form, and Petitioner has now named the undersigned, clerks of the Court, the CDCR, and KVSP as defendants.  Petitioner cannot bring civil a rights complaint in a habeas action, see Preiser v. Rodriguez, 411 U.S. 475 (1973), and the defendants named in the caption are improper respondents, see Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Second, the petition is partially illegible.  On page 5, Petitioner has attached a form vertically across the page completely obscuring the page beneath.  (Doc. 5 at 5.)

Third, Petitioner has failed to clearly specify his grounds for relief, the facts supporting his grounds, and the relief requested.  For example, Claim 1 reads: "Fact: (ALL), (USPS), Mailroom, In-Out, Custody, Response(s), "Delivered KVSP, by [undecipherable], Fac A, Bldg. 3, Staff. (Bogus)." (Doc. 5 at 3.)  In his supporting facts, Petitioner claims "It is (clear) to Plaintiff/Petitioner that (ALL) USD, Judges, Magistrate Judges, Clerks, Deputy Clerks, Paralegals, and/or Administrators, Staff, at USDC, SF, SJ, Oakland, Fresno, Sacramento and Beyond, is [sic] defending and protecting the interest & liability of the Defendants/Respondents." (Doc. 5 at 3-4.)  Petitioner then lists other federal cases and then claims the IRS is depriving him of $1,400.00. (Doc. 5 at 4.)  The claim is difficult to decipher, completely unsupported, and not cognizable in a habeas action.  In Claim 2, Petitioner demands that continued litigation be bypassed and immediate relief be granted.  (Doc. 5 at 4.)  He provides no reason for his demand, but asserts he is being denied relief from the sentencing court in Alameda County, also for "reasons (unknown)." (Doc. 5 at 4.)  Again, Petitioner fails to present a claim for relief.

Fourth, Petitioner mentions other claims throughout the pleading, such as mailroom issues, but those complaints sound in civil rights.  Petitioner names correctional staff, custody staff, medical staff, records staff, and accounting staff as defendants.  Complaints against these individuals clearly concern the conditions of Petitioner's confinement, not the underlying conviction.  Such claims must be raised in a civil rights action pursuant to 42 U.S.C. § 1983.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.

For the foregoing reasons, the petition must be dismissed.  Petitioner was granted an opportunity to cure the foregoing deficiencies, but he has failed to do so, and another opportunity would only prove futile.  Therefore, the Court will recommend the action be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the First Amended Petition be DISMISSED WITH PREJUDICE for failure to state a claim, and the case be TERMINATED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 23, 2023**              /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE